■ CHARLES HOLLINGSWORTH, Respondent, v COUNTY OF SUFFOLK, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated April 23, 1984, which denied its motion pursuant to CPLR 510 to change the place of trial.

Order affirmed, with costs.

Plaintiff commenced this negligence action in the Supreme Court against the County of Suffolk to recover damages for personal injuries allegedly sustained when he fell upon the steps of the Supreme Court Building on Griffing Avenue in Riverhead, Suffolk County. The complaint alleges, *inter alia,* that the defendant had failed to maintain the steps in a safe condition and had failed to make necessary repairs.

The defendant thereafter moved pursuant to CPLR 510 to change the place of trial from the Supreme Court Building in Riverhead to a trial part of the same court in Hauppauge, still within Suffolk County. In support of its motion the defendant alleged, *inter alia,* that it would be prejudiced in the defense of the action if it were to be tried in the very building where the injury was alleged to have occurred. The defendant asserted that potential jurors would inevitably observe and traverse the courthouse steps, resulting in unauthorized and unsupervised viewings of the accident scene (*see,* CPLR 4110-c).

Special Term denied the motion, in the exercise of its discretion, determining that the defendant had failed to satisfactorily establish that it could not obtain a fair trial in Riverhead. We now affirm, but not for the reasons set forth by Special Term.

The venue of an action in the Supreme Court of this State is the county in which the action is to be tried (CPLR art 5; *see*

*also,* Siegel, NY Prac § 116, at 145; 7 Carmody-Wait 2d, NY Prac § 48:1, at 398). Thus, the provisions of CPLR 510 are inapplicable where, as here, a party merely seeks to change the place of trial from one court facility to another court facility within the same county. Because the relief sought by defendant in this case was not a change of venue, defendant was not entitled to relief under CPLR 510 and, therefore, its motion was properly denied. However, nothing in this decision should be construed as limiting the inherent administrative power of the Supreme Court to transfer cases among its various parts in furtherance of the just and expeditious disposition of the business before it, even where such parts are located in different courthouses in different areas of the same county. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.